And we'll move to our fifth and final case of this morning. It's United States v. Nicholas Swank, Appeal No. 22-1081. Mr. Patton, good morning, whenever you're ready. Good morning, your honors. May it please the court. Excuse me, I'm Tom Patton. I'm here on behalf of Nicholas Swank. The overarching goal of a federal sentence is for the district court to impose a sentence that is sufficient but not greater than necessary to achieve the goals set forth in 18 U.S. Code, Section 3553A2. And in doing that, the district court is prohibited from presuming that the guideline range achieves that goal. The judge has to independently weigh the 3553A factors and then come to an independent decision of the appropriate sentence. Now, the judge has to first correctly calculate the guidelines, of course, but they can't presume that they are, they satisfy the 3553A factors. And that is what Judge Darrow did here when it came to the factor of the sentence affording adequate deterrence. We made a very specific argument about general deterrence and how a sentence of 10 years, the statutory mandatory minimum, would be sufficient to provide general deterrence. And Judge Darrow basically agreed and then said that the way it worked, the way that her exact words is, it is a little arbitrary, but it's the way that our system works, is it's tethered to the reality of the sentences and the ranges and everything like that. And so if somebody knows that they will face a guideline range sentence in federal court if they commit this type of offense, then that's what I think is the appropriate metric to base general deterrence on. That is just a way of saying that she is presuming in enticement cases that a guideline sentence is the appropriate sentence to achieve general deterrence after admitting that a sentence below the range of 210 to 262 months called for by the guidelines could achieve general deterrence. Is there anything wrong with that, though, if you presume if the red brief here makes this point about what the district court was doing, this saying, look, the guidelines do a better job of measuring general deterrence than I can. So in determining the general deterrence factor, I'm going to presume that the guidelines get it right. As to that particular factor, and I've articulated it differently, but as to that particular factor, is that okay if you presume that the guideline sentence is correct as to one particular 3553 factor? No, Your Honor. The district court cannot take a philosophy that in every child enticement conviction. But take every case, gun case, drug case, doesn't matter. They cannot do that. No, that violates Booker. To presume that you're going to go into a sentencing and say, my philosophy, the way I'm going to approach every one of my sentencings is to say that the only way that the sentence can afford adequate deterrence is to impose a guideline sentence directly violates Booker, Kimbrough, Rita, Gaule. But I'm going to push on this because there are other factors that the judge has to consider. If the judge considers a whole litany of factors, including general deterrence and specific deterrence, why can't the judge say, with respect to general deterrence, I'm going to presume that that factor, the guidelines are accurate. They accurately reflect general deterrence. Specific deterrence is totally different here because this particular individual can't re-offend. So I'm going to give this particular individual a below guideline sentence under my holistic view of 3553A. What's wrong with that? Because a district court absolutely cannot, under any circumstances, go into any sentencing presuming that the guidelines, in general, as a system, in the sentence they call for, is the right sentence to impose a sentence that is sufficient but not greater than necessary to meet the goals of sentencing in subsection A2. They can't do it. I'm going to be there, but I'm not sure that that's the same as presuming it reasonable as to address one specific sentencing factor. No, they can't do that. They can't presume for any sentencing factor that the guidelines provide the accurate judgment as to whether or not the sentence is sufficient but not greater than necessary to achieve that goal. Because that's just another way of saying you're presuming the guidelines are correct and are reasonable. And there's no, that's, you can't do it. That's, just violates Booker. Now what a district judge- Mr. Bassett, the court went on after what you just identified. She went on to talk about general deterrence impact on the community as it relates to your case and did an individual assessment of the general deterrence. Here, given the deliberate nature of his acts, the fact that you took those specific acts, this sentence could provide general deterrence to somebody else in the community similarly situated. Why doesn't that take away from your argument? Because all she was, the point she was making in those comments was that this is a type of offense where general deterrence is important because it is- But she said as it relates to your case. She was doing an individualized assessment. As in, she laid out factors that were present in this case. But she did not then say, and the guidelines call for a sentence of 210 to 262 months. And I think the, under the specific facts of this case, that a sentence of 210 months or 220 months is what is sufficient but not greater than necessary to achieve general deterrence. Because she had just said You don't have to do it on an individual basis like that. You're not required to go through nature and circumstances of the offense. So here are the nature and circumstances and these nature and circumstances warrant X sentence. Danger to the community. These factors warrant this sentence. You're not required to break it down like that. No, I'm not arguing that she does. And in fact, in our brief, I acknowledged that, look, there are multiple factors. And in cases, there can be cases where those factors may point in different directions. And so the judge has to weigh all that out. But the procedural error is when the judge literally says, in these types of cases, I think the, if defendants know they will face a guideline range sentence in federal court if they commit this type of offense, that's presuming that the guideline range is the correct range for general deterrence. Especially after she said, yes, Mr. Patton may be right, you know, that 10 or 15 years may be enough for general deterrence. And I know it's kind of arbitrary, but I'm using the guideline range as the sentence. Those aren't the comments of a judge doing an independent analysis of what sentence is sufficient to afford general deterrence. And so the fact that she may not have done that with the other factors, that's just, you know, a harmless error type analysis, which the government doesn't make. And I understand why they don't make it, because she literally says twice that general deterrence, in her view, was a very important part of her sentence. So I just don't think you can say that this error is harmless. And if I could, I would like to reserve the rest of my time. Mr. Kinestra, go right ahead. May it please the court. Good morning, Your Honors. Jeff Kinestra for the United States. The district court acted well within its discretion here in imposing a sentence at the low end of the guidelines range. And it did so based on a thorough and thoughtful analysis of the 3553A factors as a whole, which collectively convinced the court that the low end of the guidelines was necessary to achieve all of the 3553A factors in this case. Now, the defendant really begs the question by attempting to sidestep that discussion and simply going straight to an assertion that an error occurred, because the whole of the court's discussion is what this court looks to in determining whether such an error occurred. At the end of the day, this court has to be satisfied that the district court considered the 3553A factors, that it gave individualized consideration to the facts of the case, and that it imposed the sentence sufficient but not greater than necessary. I think what Mr. Patton is doing fairly is he's honing in on a particular, a more narrow aspect of the sentencing. And what he's saying is no, no, no. Look, I can read the whole transcript like you can read it, but I'd like to focus on this page of the transcript. And it sure looks like there's a presumption afforded to the guidelines range on the general deterrence factor. Right? So, I don't want you to argue like where you're passing in the night. I mean, that's his argument. It's right here in the transcript. So, you know, just take it on its terms. Sure. So, I think the court's comments as to general deterrence check all those boxes just the same. What it said, as Judge Sainee alluded to, that general deterrence is relevant here because of the deliberate nature of the offense that it involved an opportunity for reflection. Then what it said, as Mr. Patton said that the court believed that a sentence of 10 years would be enough, it said the exact opposite. It said a sentence below the guidelines here, quote, could minimize the general deterrent impact that the sentence could have. It also said, as Judge Sainee said, I think that this sentence could provide a general deterrent impact on the community as it relates to this case. So, that shows, again, that the court's considering the 3553 factors, that it's getting individualized consideration to the circumstances of this case, and that it's imposing a sentence that it thinks is sufficient but not greater than necessary. And in the course of doing that, it's, of course, entitled to choose to accept guidance from the guidelines in this respect. And that's something this court has acknowledged many times. I think most recently in Bunchich, where the court noted that the district court accepted many inputs into reaching the sentence and chose to accept guidance from the guidelines. District courts don't have to, of course, accept the guidelines penal philosophy, but they can. I think it's also relevant that by the time the court got to general deterrence, it had already gone through a very extensive critical analysis of whether the guidelines here, in fact, accounted for the salient circumstances of the case. So, it went through the nature of the offense, the nature of the defendant's criminal history, and how the guidelines essentially, on balance, adequately accounted for those things. So, the court wasn't just assuming that here are the guidelines, and therefore they impose general deterrence, but it already very thoughtfully explained, this is why the guidelines are appropriate here. And then when it got to general deterrence, it said, basically, I think that the guidelines are also the appropriate metric to use here. So, I don't think that reflects an improper presumption, and it does show that the court was giving individualized consideration. Unless there are any other questions. Okay, very well. Thank you. Thank you. Mr. Patton, we'll return to you. I would submit, at best, at best, the record is ambiguous as to whether or not the judge when it came to general deterrence treated the guidelines as presumptive. In this court's case law, in Pennington, and Pannis is how I pronounce it, I don't know if I'm pronouncing that correct, both of those cases make the point that if this court cannot be sure, if it is ambiguous, then the sentence is vacated and there's a remand for resentencing. And there's a reason why the appellate courts and the Supreme Court has said district judges have to give an explanation for their sentence. It is so that this court can do a review. And if you're going to do that review, then I would submit you have to take the district court at its word as what it's telling you when she's giving you her reasons. And what she said is what she said. You've read it in the briefs 50 times. And so it's our position that there was a procedural error here by treating the guidelines as presumptively reasonable to meet the goal of providing adequate general deterrence. Thank you. Okay. Very well. Thanks to both parties. We'll take the appeal under advisement. The court will be in recess until tomorrow morning.